1  Steven J. Nataupsky (SBN. 155,913)
   steven.nataupsky@knobbe.com
2  Michael K. Friedland (SBN 157,217)
   michael.friedland@knobbe.com
3  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
4  Jenna C. Kelleher (SBN 294,034)
   jenna.kelleher@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
6  Fourteenth Floor
   Irvine, CA 92614
7  Phone: (949)760-0404
   Facsimile: (949)760-9502
8
   Attorneys for Plaintiff,
9  CESCA THERAPEUTICS INC.

10 [Defendants' counsel listed on next page]

11          IN THE UNITED STATES DISTRICT COURT

12        FOR THE EASTERN DISTRICT OF CALIFORNIA

13                 SACRMENTO DIVISION

| | |
|---|---|
| 14 CESCA THERAPEUTICS INC., | ) Case No. 2:14-cv-02085-GEB-KJN |
| 15            Plaintiff, | ) **STIPULATED [~~PROPOSED~~]** |
| | ) **PROTECTIVE ORDER** |
| 16        v. | ) |
| 17 SYNGEN INC., a California | ) |
| Corporation, PHC MEDICAL INC., a | ) |
| 18 California Corporation, PHILIP | ) **Dept:**    Courtroom 10, 13th Floor |
| COELHO, an individual, and DOES 1- | ) **Judge:**   Hon. Garland E. Burrell, Jr. |
| 19 10, INCLUSIVE, | ) |
| 20            Defendants. | ) Complaint Filed:  September 9, 2014 |
| 21 | ) |

22

23

24

25

26

27

28

Stipulated Protective Order                                    Case No. 2:14-cv-02085
1004125.01

KEKER & VAN NEST LLP
STUART L. GASNER - # 164675
sgasner@kvn.com
ERIC H. MACMICHAEL - # 231697
emacmichael@kvn.com
MATAN SHACHAM - # 262348
mshacham@kvn.com
633 Battery Street San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

GORDON & REES LLP
ROBERT P. ANDRIS - # 130290
randris@gordonrees.com
MICHAEL D. KANACH - # 271215
mkanach@gordonrees.com
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415 986 5900
Facsimile: 415 986 8054

Attorneys for Defendants,
SYNGEN INC., PHC MEDICAL, INC. and PHILIP COELHO

1. **PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Plaintiff Cesca Therapeutics ("Cesca" or "Plaintiff") and Defendants SynGen Inc., PHC Medical, Inc., and Philip Coelho (collectively "Defendants"), recognizing that each may have materials containing trade secret or other confidential research, technical, cost, price, sales, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Protective Order ("Order") as set forth below.  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party or Non-Party seeks permission from the Court to file material under seal.

As required by Civil Local Rule 141.1(c)(3), the Parties submit that protection should be addressed by a Court Order, as opposed to a private agreement between or among the parties, because of the nature of the claims at issue in this case.  Cesca is asserting claims for trade secret misappropriation against Defendants and the violation of other contractual obligations owed by Defendants to Cesca.  Defendants claim that they developed the alleged trade secret technology.  The litigation will necessarily involve the exchange of confidential and potentially trade secret information and because of the parties' respective positions, a private agreement between the parties would be insufficient to alleviate the Parties' concerns

that such information remain confidential.  Given this concern, Cesca respectfully requests the entry of this Protective Order by the Court.

## 2.   **DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). As a general guideline, "CONFIDENTIAL" information is material that a party reasonably believes to constitute or include information that is not known or freely accessible to the general public in the categories of 1) confidential technical or trade secret technical information, 2) financial or business information, 3) personal information, 4) research and development and other proprietary information or 5) information furnished to it in confidence by any third-party.  There is a particularized need for information in each of these categories to be covered by the Order in order to protect its confidential nature, either because it is protected by confidentiality agreements or otherwise generally not known by the public.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the parties' dispute who has been retained by a Party or its counsel to serve as an expert witness or as a consultant solely for the purpose of advising and assisting Outside

Counsel of Record or giving expert testimony.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would result in the disclosure of information only known on a "need-to-know basis" and generally not known by individuals not affiliated with a Party, including information in the categories of 1) trade secrets, 2) other highly sensitive research, 3) development, 4) production, 5) personnel, 6) commercial, 7) technical, 8) financial, or 9) business information (with information in these categories including but not limited to proprietary information, contracts, bids, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, research and development documents, financial statements, and other financial or budgetary documents).   There is a particularized need for information in each of these categories to be covered by the Order in order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    In-House Counsel: attorneys who are employees of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: Outside litigation counsel of record, and their paralegals, secretaries, and other support staff.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations,

1  and organizing, storing, or retrieving data in any form or medium) and their employees and

2  subcontractors.

3        2.14   Protected Material: any Disclosure or Discovery Material that is designated as

4  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5        2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a

6  Producing Party.

7  **3.   SCOPE**

8        The protections conferred by this Stipulation and Order cover not only Protected

9  Material (as defined above), but also (1) any information copied or extracted from Protected

10  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3)

11  any testimony, conversations, or presentations by Parties or their Counsel that might reveal

12  Protected Material. However, the protections conferred by this Stipulation and Order do not

13  cover the following information: (a) any information that is in the public domain at the time

14  of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to

15  a Receiving Party as a result of publication not involving a violation of this Order, including

16  becoming part of the public record through trial or otherwise; and (b) any information known

17  to the Receiving Party prior to the disclosure as confirmed by written records or obtained by

18  the Receiving Party after the disclosure from a source who obtained the information lawfully

19  and under no obligation of confidentiality to the Designating Party. Any use of Protected

20  Material at trial shall be governed by a separate agreement or order.

21  **4.   DURATION**

22        Even after final disposition of this litigation, the confidentiality obligations imposed

23  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

24  court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

25  of all claims and defenses in this action, with or without prejudice; and (2) final judgment

26  herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

27  reviews of this action, including the time limits for filing any motions or applications for

28  extension of time pursuant to applicable law.

**5.**       **DESIGNATING PROTECTED MATERIAL**

    5.1       Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2       Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (in such a manner as will not interfere with the legibility thereof), on at least the first page of the document that contains protected material.

    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated

which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (in such a manner as will not interfere with the legibility thereof)), on at least the first page of the document that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party will have 21 days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the deposition transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Each deposition transcript shall be treated to be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety until the expiration of the 14-day period for the Designating Party to specifically designate the deposition transcript, unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within ten days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the designation under Civil Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to

harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this case. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner intended reasonably to ensure that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as defined in Section 2.10;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as defined in Section 2.10;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) Court reporters and their staff, Professional Vendors to whom disclosure is reasonable necessary for this;

(e) professional jury or trial consultants, and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information as confirmed by written records.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.3(b) first must make a written request to the Designating Party that sets forth the full name of the Expert and the city and state of his or

her primary residence and attaches a copy of the Expert's current resume.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within ten days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 251 seeking permission from the Court to do so.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party, where such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, where such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by

the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-

1  Party.

2            (c) If the Non-Party fails to object or seek a protective order from this Court

3  within 14 days of receiving the notice and accompanying information, the Party may produce

4  the Non-Party's confidential information responsive to the discovery request. If the Non-

5  Party timely seeks a protective order, the Party shall not produce any information in its

6  possession or control that is subject to the confidentiality agreement with the Non-Party

7  before a determination by the Court. Absent a court order to the contrary, the Non-Party shall

8  bear the burden and expense of seeking protection in this Court of its Protected Material.

9  **10.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11  Protected Material to any person or in any circumstance not authorized under this Stipulated

12  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

13  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized

14  copies of the Protected Material, (c) make every effort to prevent further disclosure by the

15  Receiving Party and by the person(s) receiving the unauthorized disclosure, and, (d) inform

16  the person(s) to whom unauthorized disclosures were made of all the terms of this Order.

17  **11.**   **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

18        **INFORMATION**

19          Notwithstanding anything contrary herein, if a party through inadvertence or mistake

20  produces any Protected Material without designating it with the legend "CONFIDENTIAL"

21  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or by designating it with

22  an incorrect level of confidentiality, the Producing Party may give written notice to the

23  Receiving Party that the Disclosure or Discovery Material contains Protected Material and

24  should be treated as such in accordance with the provisions of this Order.  Upon receipt of

25  such notice, the Receiving Party must treat such Disclosure or Discovery Material as

26  Protected Material.  Counsel for the parties will agree on a mutually acceptable manner of

27  labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   The inadvertent or

unintentional disclosure by the Producing Party of Protected Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other information relating thereto or on the same or related subject matter.   The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Material as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

## 12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Redacted Information</u>. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity.   Each such redaction, regardless of size, will be clearly labeled.   This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

12.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.   Pursuant to Civil Local Rule 140, where possible, a

Party must also seek to publicly file material with the Protected Material redacted, provided that the Court has also granted the filing of an unredacted copy of the material under seal.

12.5   <u>Electronic Notice</u>. Transmission by electronic mail is acceptable for all notification purposes within this Order.

**13.   PRIVILEGE**

All privileged material or attorney work-product information shall be withheld and entered on a privilege log except for communications involving litigation counsel for either side.

Regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur. If a Party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the Party may claw back the protected document by making a written request to the receiving party specifically identifying the protected document, including the date, author, addressees, and topic of the document as well as a brief explanation substantiating the claim of privilege. A bates number associated with the document or other document identifier specific to this litigation may be used to identify the document. Otherwise, information to identify the document must at least include the date, author, addressees, and topic of the document. A claw-back request for an identified document must also include a brief explanation substantiating the claim of privilege. If these conditions are met, the Receiving Party shall sequester (for purposes of challenging the claim of privilege), destroy, or return to the producing party such inadvertently produced materials and all copies thereof within five (5) calendar days of receipt of the written request. Return of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery.

The Receiving Party may challenge the Producing Party's claim of privilege or work-product by making a motion to compel to the Court. If the receiving party sequesters the inadvertently produced materials, such information must not be used or disclosed until the claim is resolved, other than for its motion to compel. Further, the record of the identity and

nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this Action. No information in an inadvertently produced document may be used or relied upon for any other purpose until the Court so orders.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED.**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 24, 2015          By: */s/ Ali S. Razai*
                                                      Steven J. Nataupsky
                                                      Michael K. Friedland
                                                      Ali S. Razai
                                                      Jenna C. Kelleher

                                                      Attorneys for Plaintiff
                                                      CESCA THERAPEUTICS INC.

KEKER & VAN NEST LLP

Dated:  November 24, 2015          By: */s/ Matan Shacham (with permission)*
                                        Stuart l. Gasner
                                        Eric H. Macmichael
                                        Matan Shacham

                                        GORDON & REES LLP
                                        ROBERT P. ANDRIS
                                        randris@gordonrees.com
                                        MICHAEL D. KANACH
                                        mkanach@gordonrees.com
                                        275 Battery Street, Suite 2000
                                        San Francisco, CA 94111
                                        Telephone: 415 986 5900
                                        Facsimile: 415 986 8054

                                        Attorneys for Defendants
                                        SYNGEN INC., PHC MEDICAL, INC., and
                                        PHILIP COELHO

### ECF CERTIFICATION

Pursuant to Civil L. R. 5-1(i)(3), the filing attorney attests that he has obtained concurrence regarding the filing of this Stipulated [Proposed] Protective Order from the signatory Matan Shacham, Counsel for Defendants, to this document.

Dated:  November 24, 2015          By: */s/ Ali S. Razai*
                                        Ali S. Razai

**IT IS SO ORDERED.**

Dated:  November 24, 2015

                                        _____
                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare and say that:

1.  I am employed as _____ by _____.

2.  I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *SunPower Corporation v. SunEdison, Inc.; Shane Messer; Kendall Fong; and Vikas Desai*, Case No. 3:15-cv-02462-WHO ("Protective Order"). I hereby agree to comply with and be bound by all of the terms and conditions of this Stipulated Protective Order.

3.  I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.  I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than the persons authorized in accordance with Sections 7.2 and 7.3 of the Protective Order.

5.  When I have completed my assigned or legal duties relating to this litigation, I will promptly return or destroy all Protected Material in my possession, or that I have prepared relating to such Protected Material, to counsel for the Party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

6.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Northern District of California with respect to enforcement of the Protective Order.

7.     I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  day of _____, 2015 at _____.

_____

21968015