UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESCA THERAPEUTICS, INC., | No. 2:14-cv-2085-TLN-KJN |
| Plaintiff, | |
| v. | ORDER |
| SYNGEN, INC., et al., | |
| Defendants. | |

On October 13, 2016, this case was before the undersigned to address defendants SynGen, Inc.'s, PHC Medical, Inc.'s, and Philip Coelho's (collectively "defendants") motion to compel plaintiff Cesca Therapeutics, Inc. ("plaintiff") to produce responses to defendants' interrogatory numbers 1, 2, and 7. (ECF No. 81.)  Also before the undersigned was plaintiff's motion to compel defendants to produce documents in response to plaintiff's request for production numbers 2, 3, 9, 11, 12, 13, 14, 15, 19, 27, 32, 33, 34, 35, 36, 37, 39, 42, 44, 49. (ECF No. 82.) Attorneys Ali Razai and Lauren Katzenellenbogen appeared on behalf of plaintiff.  Attorneys Matan Shacham and Eric MacMichael appeared on behalf of defendants.

Based on the parties' motions and joint statements regarding these discovery disputes, other relevant filings, and oral argument, and for the reasons discussed below and on the record during the hearing, IT IS HEREBY ORDERED that:

////

1. Defendants' motion to compel (ECF No. 81) is GRANTED in part:
    a. With regard to interrogatory number 1, the court finds that the first item listed in "Exhibit A" attached to plaintiff's response (i.e. 1. "Cesca's development history…") fails to disclose the specific trade secret or trade secrets plaintiff alleges defendants misappropriated, misused, or disclosed over the course of the "development history" plaintiff describes in that item. Accordingly, the court grants defendants' motion with respect to that aspect of plaintiff's response. Within 45 days of the date of this order,[1] plaintiff shall supplement its response to interrogatory number 1 to identify the specific secret information it allegedly developed over the course of the "development history" it describes in its response that defendants allegedly misappropriated, misused, or disclosed. However, with regard to the second item and all other subsequent entries in "Exhibit A" attached to plaintiff's response, the court finds that plaintiff's response is adequately responsive to defendants' request given the information currently available to plaintiff at this juncture for the reasons discussed on the record during the hearing. Accordingly, defendants' motion to compel is denied insofar as it seeks plaintiff to supplement its response to interrogatory number 1 with regard to any trade secret items listed subsequent to the first item in "Exhibit A" to plaintiff's response.[2]

---

[1] During the hearing plaintiff's counsel noted that plaintiff will need roughly 30 days to complete its own current production to defendants and review defendants' latest production. Accordingly, the court finds 45 days to be an adequate amount of time for plaintiff to review defendants' production thus far and craft its supplemental interrogatory responses. Ideally, plaintiff will have first reviewed the entirety of defendants' document production thus far before providing defendants with its supplemental interrogatory responses. If plaintiff reasonably believes that it will need additional time to respond to defendants' interrogatories in a manner that complies fully with this order, it may request such an extension through a motion that provides reasons why the extension is necessary and describes the efforts plaintiff has already taken to review defendants' production and craft its supplemental responses.

[2] Nevertheless, as discovery progresses in this action and plaintiff has an opportunity to further review the documents and other discovery produced by defendants, plaintiff may find it appropriate to supplement its response to defendants' interrogatory number 1 to further narrow

b. With regard to interrogatory number 2, defendants' motion is granted. Within 45 days of the date of this order, plaintiff shall supplement its response to interrogatory number 2 to identify, to the extent that plaintiff is able to at this juncture, when and how the specific elements of its alleged rigid cartridge device trade secret, as they are set forth in plaintiff's response to interrogatory number 1, were developed, and who developed those elements. To the extent possible, plaintiff shall reference in its supplemental response specific documents that have been produced in this action by their Bates-stamp numbers that substantiate its representations. If plaintiff believes it is unable to provide a conclusive response regarding any information requested through interrogatory number 2, it shall state that position in its supplemental response and represent that it will further supplement its response as discovery proceeds in this action.

c. With regard to interrogatory number 7, defendants' motion is granted. The court finds that the general categories of "confidential information" plaintiff includes in its response are overly vague and provide an insufficient response to defendants' interrogatory. Accordingly, within 45 days of the date of this order, plaintiff shall supplement its response to interrogatory 7 to provide a detailed description of each specific piece of confidential information it claims defendants misappropriated.

2. Plaintiff's motion to compel (ECF No. 82) is GRANTED in part:

a. With regard to request for production numbers 9, 11, 12, 32, and 33, to the extent those requests seek documents relating to defendants' research, design, development, manufacturing and/or testing of specific SynGen, Inc. devices incorporating the rigid cartridge device technology at issue, including the SynGen X-1000 product, defendants shall produce any responsive documents

---

the scope of the specific trade secrets it alleges defendants misappropriated based on the information that defendants' production reveals.

3

created up through March 17, 2011, to the extent they have not already done so. Moreover, to the extent those requests seek documents relating to defendants' research, design, development, manufacturing and/or testing specifically relating to any changes defendants have made to the rigid cartridge device technology at issue, defendants shall produce all such documents without any limitation as to the time those documents were developed. Finally, to the extent defendants have not already done so, they shall produce the "device master record" for SynGen's X-LAB product discussed on the record during the hearing. Defendants shall produce the above documents within 30 days of the date of this order. To the extent plaintiff's requests for production numbers 9, 11, 12, 32, and 33 seek any documents beyond those described above, plaintiff's motion is denied without prejudice to later renewal after the parties have engaged in further meet and confer efforts regarding plaintiff's request subsequent to plaintiff's review of defendants' recent and upcoming document productions, and upon a showing by plaintiff that the discovery already produced gives rise to a reasonable inference that the documents sought through these requests for production are relevant and production of such documents will be proportional within the meaning of Federal Rule of Civil Procedure 26(b)(1).

b. With regard to request for production number 19, defendants shall provide plaintiff with a list of investors in SynGen, Inc. To the extent plaintiff seeks to obtain all documents and things defendants provided to any potential investors regarding the rigid cartridge device technology at issue, plaintiff's motion is denied without prejudice to renewal after the parties have engaged in further meet and confer efforts regarding plaintiff's request after plaintiff has had the opportunity to review defendants' recent and upcoming document productions, and upon a showing by plaintiff that the discovery already produced gives rise to a reasonable inference that the documents sought through request for

production number 19 are relevant and production of such documents will be proportional within the meaning of Federal Rule of Civil Procedure 26(b)(1).

c. With regard to request for production number 27, plaintiff shall provide defendants with a list of its customers from 2006 through the end of 2011 for the purpose of allowing defendants to respond to plaintiff's request. Plaintiff may provide the list as part of a supplement or amendment to its request for production number 27, or may produce the list to defendants as a separate document. Plaintiff shall produce the customer list in one of the above forms within 21 days of the date of this order. Defendants shall produce any documents responsive to plaintiff's request for production number 27 based on the list plaintiff provides within 21 days of plaintiff's production of that list. Defendants' production shall include any documents that refer or relate to the customers in the list plaintiff provides without any limitation as to the time those documents were developed.

d. With regard to request for production numbers 34, 35, 36, and 42, plaintiff's motion is denied without prejudice to later renewal after the parties have engaged in further meet and confer efforts regarding plaintiff's request subsequent to plaintiff's review of defendants' recent and upcoming document productions, and upon a showing by plaintiff that the discovery already produced gives rise to a reasonable inference that the documents sought through these requests for production are relevant and production of those documents will be proportional within the meaning of Federal Rule of Civil Procedure 26(b)(1).

e. With regard to request for production numbers 37 and 39, plaintiff's motion is denied without prejudice to later renewal after the parties have engaged in further meet and confer efforts regarding plaintiff's request subsequent to plaintiff's review of defendants' recent and upcoming document productions, and upon a showing by plaintiff that the discovery already produced gives rise

1         to a reasonable inference that the documents sought through these requests for
2         production are relevant and production of those documents will be proportional
3         within the meaning of Federal Rule of Civil Procedure 26(b)(1).
4     f. With regard to request for production numbers 44 and 49, counsel for the
5         parties represented at the hearing that the documents defendants agreed to
6         produce are a sufficient response to those requests as of this time.  Specifically,
7         defendants shall produce, to the extent that they have not already done so, any
8         documents identifying any third parties who have received a license to
9         SynGen, Inc.'s U.S. patent No. 8,747,289 referenced in the complaint and any
10         revenues SynGen, Inc. has generated from such licenses, in addition to
11         SynGen, Inc.'s loan agreement with General Electric Capital Corporation
12         defendants reference in their portion of the parties' joint statement regarding
13         plaintiff's motion to compel (ECF No. 85 at 65).  To the extent plaintiff seeks
14         any additional documents through these requests, plaintiff's motion is denied
15         without prejudice to later renewal after the parties have engaged in further
16         meet and confer efforts regarding plaintiff's request subsequent to plaintiff's
17         review of defendants' recent and upcoming document productions, and upon a
18         showing by plaintiff that the discovery already produced gives rise to a
19         reasonable inference that the documents sought through these requests for
20         production are relevant and production of those documents will be proportional
21         within the meaning of Federal Rule of Civil Procedure 26(b)(1).
22     g. With regard to request for production numbers 2, 3, 13, 14, 15, 28, 29, and 30,
23         plaintiff's motion is denied without prejudice to later renewal after the parties
24         have engaged in further meet and confer efforts regarding plaintiff's request
25         subsequent to plaintiff's review of defendants' recent and upcoming document
26         productions, and upon a showing by plaintiff that the discovery already
27         produced gives rise to a reasonable inference that the documents sought
28         through these requests for production are relevant and production of those

documents will be proportional within the meaning of Federal Rule of Civil Procedure 26(b)(1).

3. The parties' joint request to seal certain documents pursuant to Local Rule 141 (ECF No. 84) is GRANTED in part:

   a. The parties' request to seal Exhibit 3 to the Declaration of Matan Shacham filed in support of plaintiff's opposition to defendants' motion to compel is granted. Accordingly, that document shall be filed under seal pursuant to Local Rule 141.

   b. With regard to the parties' request to seal plaintiff's portion of the parties' joint statement regarding defendants' motion to compel, the court finds that while certain portions of that statement, in particular, the portions quoting plaintiff's responses to defendants' interrogatory numbers 1, 2, and 7, contain potentially sensitive information regarding purported trade secrets or other confidential information, the remainder of that statement does not appear to contain information that warrants sealing of the entire statement. Accordingly, the parties' request to seal this document is granted only in part. The parties shall file in the public record a copy of their joint statement regarding defendants' motion to compel with any direct quotations from plaintiff's responses to defendants' interrogatory numbers 1, 2, and 7 redacted. The parties shall also file under seal an unredacted copy of that document pursuant to Local Rule 140.

   c. All other documents filed in support of the parties' motions to compel, including any portions of Matan Shacham's declaration and the parties' joint statement regarding defendants' motion to compel not subject to redaction or sealing in accordance with this order, shall be filed in the public record for this action to the extent they have not already been filed in such a manner.

////

////

1    IT IS SO ORDERED.

2  Dated: October 20, 2016

```
                                        /s/ Kendall J. Newman
                                        _____
                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE
```