UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESCA THERAPEUTICS, INC., | No. 2:14-cv-2085-TLN-KJN |
| Plaintiff, | |
| v. | ORDER |
| SYNGEN, INC., et al., | |
| Defendants. | |

On January 5, 2017, this case was before the undersigned to address defendants SynGen, Inc.'s, PHC Medical, Inc.'s, and Philip Coelho's (collectively "defendants") motion to compel plaintiff Cesca Therapeutics, Inc. ("plaintiff") to produce two documents that plaintiff inadvertently produced and clawed back pursuant to the terms of the stipulated protective order filed in this action on November 24, 2015, and re-produced to defendants in redacted form. (ECF No. 106.) Specifically, defendants seek to compel plaintiff to produce: (1) a memorandum from Ken Harris, plaintiff's president, to Robin Stracy, plaintiff's interim CEO, and Dr. Mahendra Rao, a member of plaintiff's board of directors, dated November 3, 2014 (the "Memo"); and (2) a set of minutes for a meeting of the board of directors of Thermogenesis Corp., plaintiff's corporate predecessor in interest, dated July 30 and 31, 2009 (the "Meeting Minutes"). At the hearing and in the parties' joint statement, plaintiff claimed that the redacted sections of both documents are protected from production pursuant to the attorney-client privilege, while defendants argued that

1

1   such a privilege does not apply.  Attorneys Michael Friedland and Lauren Katzenellenbogen
2   appeared on behalf of plaintiff.  Attorneys Matan Shacham and Eric MacMichael appeared on
3   behalf of defendants.

4       Based on the parties' motions and joint statements regarding these discovery disputes,
5   other relevant filings, and oral argument, and for the reasons discussed below and on the record
6   during the hearing, IT IS HEREBY ORDERED that:

7       1. Defendants' motion to compel (ECF No. 106) is GRANTED:

8           a. With regard to the Memo, the court finds that plaintiff has not met its burden
9   of proof in demonstrating that the contested portion of that document is
10  protected from disclosure by the attorney-client privilege.  See In re Grand
11  Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992) ("The party asserting
12  the attorney-client privilege has the burden of proving that the privilege applies
13  to a given set of documents or communications.").  Much of the passage the
14  parties contest in the Memo consists of factual disclosures regarding this
15  action, which do not qualify for protection under the attorney-client privilege.
16  Upjohn Co. v. United States, 449 U.S. 383, 395 (1981) ("The [attorney-client]
17  privilege only protects disclosure of communications; it does not protect
18  disclosure of the underlying facts by those who communicated with the
19  attorney[.]").  Moreover, to the extent this passage arguably contains attorney-
20  client communications, either the Memo itself or defendants' filings in support
21  of their motion demonstrate that the content of those communications that
22  plaintiff seeks to protect, i.e., the legal conclusions its counsel drew, were
23  relayed to defendants' counsel by letters from plaintiff's counsel around the
24  same time as the date of the Memo.  (See Declaration of Eric MacMichael,
25  Exhibits 3, 5, 6.)  Therefore, to the extent plaintiff could claim an attorney-
26  client privilege in those communications, that privilege was waived by
27  plaintiff's disclosures to defendants.  Accordingly, within 14 days of the date
28  of this order, plaintiff shall produce to defendants a copy of the Memo without

1  redactions to the portions of that document that are in dispute.

2    b. With regard to the Meeting Minutes, the court similarly finds that plaintiff fails to establish that the contested portion of that document is entitled to protection under the attorney-client privilege. First, with regard to the first portion of the contested passage discussed at the hearing,[1] the court finds that plaintiff has failed to show that the discussion referred to in that portion was between plaintiff's board members and plaintiff's counsel for the purpose of obtaining legal advice, or that counsel provided legal advice to the board during that discussion. See In re Grand Jury Subpoenas (Hirsch), 803 F.2d 493, 496 (9th Cir. 1986) (("The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice."); In re Fischel, 557 F.2d 209, 211 (9th Cir. 1977) (attorney-client privilege protects attorney's response or advice to client disclosures made to that attorney in seeking legal advice). Moreover, nothing in the passage itself suggests that the board's decision to waive any conflicts of interest was made in confidence in order to obtain legal advice from the counsel present at that meeting. Nor does that passage reveal any legal advice counsel may have provided to the board. To the contrary, the second portion of the contested passage makes it clear that that decision to waive the company's conflicts of interest was made as part of the board's larger business plan with regard to how the company was to address its relationship with defendant Coelho moving forward. The disclosure of that decision in such a context is insufficient to show that the contested portion of the Meeting Minutes is entitled to protection under the attorney-client privilege. See Brinckerhoff v. Town of Paradise, 2011 WL 2926936, at *3 (E.D. Cal. July 15, 2011) (denying attorney-client privilege protection for minutes of a board meeting at which counsel was present and

---

[1] This portion of the passage begins with the phrase "After further discussion," and ends with the word "Company."

3

1 involved, but where legal advice was not the predominant purpose of the
2 communications reflected in those minutes); N. Pacifica, LLC v. City of
3 Pacifica, 274 F. Supp. 2d 1118, 1127 (N.D. Cal. 2003) (quoting Marten v.
4 Yellow Freight System, Inc., 1998 WL 13244, at *7 (D. Kan. Jan. 6, 1998)
5 (noting that "'[l]egal advice must predominate for the communication to be
6 protected'" under the attorney-client privilege and that, "[w]hen the legal
7 advice 'is merely incidental to business advice,' the privilege does not apply").
8 Accordingly, within 14 days of the date of this order, plaintiff shall also
9 produce to defendants a copy of the Meeting Minutes without redactions to the
10 portion of that document that is in dispute.[2]

11    c. The parties' requests to seal various documents submitted in relation to the
12 present motion (ECF Nos. 107, 108) are DENIED.[3] The parties' purpose
13 behind those requests is to seal from public view the information contained in
14 the contested parts of the documents defendants seek to compel through their
15 motion based on plaintiff's contention that that information is protected from
16 disclosure under the attorney-client privilege. However, that information is not
17 subject to the attorney-client privilege for the reasons discussed above.
18 Furthermore, after having conducted an *in camera* review of the two

---

[2] Although at the hearing the court inquired whether it was possible to parse certain passages in the redacted portion, for the reasons set forth herein the court ultimately concludes that the entire passage is not privileged. Moreover, despite the court exploring such possibilities, the court shares counsels' concern raised during the hearing that parsing the contested passages in the documents at issue could potentially lead to future disputes with regard to other documents and whether the attorney-client privilege applies to small subsections or even parts of sentences in those documents. The court cautions the parties that future discovery disputes in this action based on such hairsplitting will not be looked upon favorably absent a clear showing that it is necessary to preserve such a privilege.

[3] Specifically, the parties seek to seal the following documents: (1) the Memo described above; (2) the Meeting Minutes described above; (3) the parties' joint statement with regard to defendants' present motion to compel; (4) the Declaration of Ali S. Razai in support of plaintiff's opposition to defendants' motion to compel; and (5) the Declaration of Eric MacMichael in support of defendants' motion to compel.

4

documents at issue in full and the parties' other filings they seek to seal, the court concludes that the contents of these documents do not meet the requirements for such a request.  Accordingly, any documents the parties have submitted with the court with regard to the present motion to compel shall be filed in the public record for this action to the extent they have not already been filed in such a manner.

IT IS SO ORDERED.

Dated:  January 9, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5