UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESCA THERAPEUTICS, INC.,

    Plaintiff,

    v.

SYNGEN, INC., et al.,

    Defendants.

No. 2:14-cv-2085-TLN-KJN

ORDER

On March 2, 2017, this case was before the undersigned to address defendants SynGen, Inc.'s, PHC Medical, Inc.'s, and Philip Coelho's (collectively "defendants") motion to compel plaintiff Cesca Therapeutics, Inc. ("plaintiff") to: (1) fully comply with the court's January 9, 2017 order regarding defendants' prior motion to compel; (2) reduce its designation of certain documents it has produced under the November 24, 2015 protective order from "highly confidential" to "confidential"; (3) provide deposition dates for certain individuals; and (4) produce all documents responsive to defendants' request for production numbers 35, 36, 37, 39, 40, 42, and 43.  (ECF No. 122.)  Attorneys Ali Razai and Tonya Newman appeared on behalf of plaintiff.  Attorney Matan Shacham appeared on behalf of defendants.

////

////

////

1

Based on defendants' motion and the parties' joint statement regarding these discovery disputes, other relevant filings, and oral argument, and for the reasons discussed below and on the record during the hearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 122) is GRANTED in part:
    a. With regard to the parties' dispute concerning the filing of documents in compliance with the court's January 9, 2017 discovery order, the parties may file the two documents the court ordered plaintiff to produce through that prior order under a provisional seal.[1] The parties may seal the documents filed in support of or in opposition to defendants' December 15, 2016 motion to compel, which was resolved by the January 9, 2017 order, but only to the extent those filings contain the two documents that plaintiff was ordered to produce.[2] All other documents filed in connection with that prior motion to compel shall be filed in the public record forthwith.
    b. If defendants seek to file a motion to disqualify plaintiff's counsel that includes as an attachment, or otherwise contains direct references to, one or both of the provisionally-sealed documents, then they shall provide plaintiff with notice of their intention to do so no later than 7 days prior to the date they file such a motion. Plaintiff may file a motion to seal those documents before the presiding district judge prior to the date defendants' motion to disqualify is filed. If plaintiff has not filed a motion to seal, or if its motion to seal is denied

---

[1] Specifically, these documents are (1) a memorandum from Ken Harris, plaintiff's president, to Robin Stracy, plaintiff's interim CEO, and Dr. Mahendra Rao, a member of plaintiff's board of directors, dated November 3, 2014; and (2) a set of minutes for a meeting of the board of directors of Thermogenesis Corp., plaintiff's corporate predecessor in interest, dated July 30 and 31, 2009.

[2] To the extent that this current order conflicts with the court's January 9, 2017 order, this order supersedes that order. However, the undersigned has previously ordered that the documents not be sealed, and nothing herein is intended to indicate otherwise. Instead, the documents are provisionally sealed in the event Judge Nunley reconsiders this court's prior order.

2

or has not been resolved,[3] within 7 days of the date defendants provided plaintiff with notice, then defendants may file the documents on the public record as part of their motion to disqualify.

c.  To the extent defendants move for an order directing plaintiff to downgrade certain documents from a "highly confidential" designation to a "confidential" designation, as those terms are defined in the November 24, 2015 protective order, for the purpose of permitting defendant Philip Coelho to review those documents, the motion is DENIED without prejudice to a later renewal if the parties are unable to resolve this dispute without the court's further intervention. Defendants' counsel and plaintiff's incoming counsel shall meet and confer regarding plaintiff's designation of the documents at issue and which of those documents are necessary for Mr. Coelho to review in preparation of his deposition, and to discuss more generally how plaintiff intends to focus the scope of its trade secret misappropriation claim. If the parties are unable to reach a resolution of this matter after these meet an confer efforts, then, within 45 days of the date of this order, plaintiff's counsel shall provide defendants' counsel with a letter setting forth plaintiff's basis for not allowing Mr. Coelho access to the contested documents that includes supporting authorities showing instances where courts have upheld similar prohibitions on defendants to a trade secret misappropriation claim. If defendants still believe that Mr. Coelho is entitled to review the contested documents after receiving this letter, then they may renew their motion to compel as to this matter.

d.  To the extent defendants move the court to order plaintiff to set deposition dates for certain witnesses, the motion is DENIED as moot pursuant to the request of the parties.

---

[3] Accordingly, plaintiff cannot assert that defendants cannot file their motion to disqualify simply because the court has not ruled on its motion to seal.

e. To the extent defendants move for an order compelling plaintiff to produce further documents responsive to defendants' request for production numbers 35, 36, 37, 39, 40, 42, and 43, the motion is GRANTED.  Within 7 days from the date of this order, defendants' counsel shall provide plaintiff's new counsel with a letter explaining which specific documents or categories of documents responsive to these requests defendants believe plaintiff is still withholding. Within 30 days from the date of this order, plaintiff's new counsel shall conduct a search for any documents responsive to these requests that have not already been produced (including, but without limitation, the documents identified in defense counsel's letter), produce any such responsive documents subject to appropriate claims of privilege, and produce a declaration of plaintiff's new counsel certifying that all documents responsive to defendants' requests have been produced, describing the search efforts counsel has undertaken, and stating the basis for why any responsive documents are being withheld.

2. The parties' joint request to seal exhibits 5 and 8 of the Declaration of Matan Shacham filed in support of defendants' present motion to compel (ECF No. 124) is GRANTED.  Those documents shall be filed under seal pursuant to Local Rule 141. The remainder of Mr. Shacham's declaration shall be filed on the public docket.

IT IS SO ORDERED.

Dated:  March 6, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE